UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASEY SHELTON,

       Petitioner,

v.                                                               Case No. 13-C-872

JAMES SCHWOCHERT,

       Respondent.

## SCREENING ORDER

Casey Shelton filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. At his request, the case was stayed pending his attempts to exhaust his claims in state court. He has now alerted the court that his case is ready to proceed. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner brings a number of claims. He alleges trial counsel was ineffective for failing to elicit testimony about witnesses Amy, Ron and Cindy Uptegraw, whom he alleges were abusive to

children. Counsel was also allegedly ineffective for failing to object to a demonstrative doll. In addition, counsel was ineffective for failing to: move for a change of venue, object to certain jurors, move to suppress evidence, request a cautionary instruction and object to a video. Plaintiff also alleges prosecutor misconduct.

The state court opinions Petitioner has provided suggest that many of these issues were not properly raised, and thus were deemed waived. Petitioner has not provided complete records, however, and the full state court opinion is unpublished and not available through public records. Accordingly, I am unable to make a determination on the appropriateness of these claims at this time, and will therefore direct the respondent to address these matters in its response. As for the issues that were properly exhausted, it does not plainly appear from the face of the petition that his claims lack merit. Those claims will be allowed to proceed as well.

THEREFORE, IT IS ORDERED that within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

FURTHER, IT IS ORDERED that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be

suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF if it is unable to accept service on behalf of the respondent, the reason it is unable to accept service and the the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

**SO ORDERED** this 12th day of August, 2014.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court